UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ERIC NELSON,

          Plaintiff,     **FIRST AMENDED COMPLAINT**

  -against-          14 CV 8872 (VEC)

THE CITY OF NEW YORK,         **JURY TRIAL**
POLICE OFFICER ANTHONY MORALES (TAX 979416), **DEMANDED**
POLICE OFFICER TYSEAN SMITH (SHIELD 1913), and
SECURITY SUPERVISOR RAFAEL GONZALEZ,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

  Plaintiff, Eric Nelson, by his attorneys, Reibman & Weiner, as and for his Complaint, hereby alleges as follows, upon information and belief:

**PARTIES, VENUE and JURISDICTION**

  1. At all times hereinafter mentioned, plaintiff, Eric Nelson, was an adult male resident of Kings County, within the State of New York.

  2. At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees, and agents, including, but not limited to, the New York City Human Resources Administration ("HRA") and their employees, including the HRA Police Department ("HRAPD").

  3. At all relevant times hereinafter mentioned, defendant, Anthony Morales (TAX 979416), was an adult male employed as an HRAPD officer by the defendant City of New York and acting under color of law and under color of his authority as an officer, agent, servant and employee of the defendant City of New York. Upon information and belief, at all relevant

times hereinafter mentioned, Defendant Morales was assigned to work at the HRA building located at 109 East 16th Street in New York County.  Defendant Morales is sued herein in his official and individual capacities.

4. At all relevant times hereinafter mentioned, defendant, Tysean Smith (SHIELD 1913), was an adult male employed as an HRAPD officer by the defendant City of New York and acting under color of law and under color of his authority as an officer, agent, servant and employee of the defendant City of New York.  Upon information and belief, at all relevant times hereinafter mentioned, Defendant Smith was assigned to work at the HRA building located at 109 East 16th Street in New York County.  Defendant Smith is sued herein in his official and individual capacities.

5. At all relevant times hereinafter mentioned, defendant, Rafael Gonzalez, was an adult male employed as an HRAPD security supervisor by the defendant City of New York and acting under color of law and under color of his authority as an officer, agent, servant and employee of the defendant City of New York.  Upon information and belief, at all relevant times hereinafter mentioned, Defendant Gonzalez was assigned to work at the HRA building located at 109 East 16th Street in New York County.  Defendant Gonzalez is sued herein in his official and individual capacities.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Southern District of New York, where the majority of the actions complained of herein occurred.

8. That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

9. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

10. That the within action has been initiated within one year and ninety days of the accrual of plaintiff's claims pursuant to New York State Law.

## RELEVANT FACTS

11. On February 21, 2014 (the "Date of the Arrest"), at about 4:00 p.m., plaintiff was lawfully present inside the HRA building located at 109 East 16th Street in New York County (the "Scene of the Arrest").

12. Plaintiff had been present at this location for approximately eight hours on the date of the arrest, waiting to apply for social services through HRA.

13. Plaintiff was not engaged in any suspicious or illegal activity.

14. At approximately 4:00 p.m., plaintiff's name was called from behind a service window to speak with an HRA case worker.

15. In response to his name being called, plaintiff approached the window and spoke with a case worker.

16. The case worker took plaintiff's information and asked him to return to the waiting area and wait for his name to be called again.

17. Plaintiff complied with this directive.

18. However, without any legal justification or excuse, defendants Morales, Smith, and Gonzalez, approached plaintiff and instructed him that he had to leave the premises.

3

19. Plaintiff complied with their demands, and was not provided an explanation as to why he had to leave after waiting for eight hours.

20. Nonetheless, plaintiff prepared to leave the building and asked the two defendants if he could speak to a supervisor.

21. Plaintiff was not engaged in any suspicious or illegal activity.

22. The defendants informed plaintiff that they would call for a supervisor and instructed him to continue waiting in the waiting area, to which plaintiff complied.

23. Thereafter, without any legal justification or excuse, all three of the individual defendants began assaulting plaintiff by, in part, choking him, grabbing his neck, pushing him against the wall, punching him in his face and breaking his nose, and striking him on his face and body.

24. The defendants restrained plaintiff as he was being assaulted.

25. The defendants then tackled plaintiff, handcuffed him, and dragged him into another room where he was unlawfully detained for several hours.

26. The defendants continued to assault plaintiff even after he was placed in handcuffs.

27. Plaintiff was not engaged in any unlawful or suspicious activity, and repeatedly asked the defendants why they were beating and arresting him, and received no response.

28. Plaintiff was not engaged in any suspicious or illegal activity, and there was no legal basis or justification for the defendants to approach and detain plaintiff.

29. At no time did plaintiff resist arrest or engage in any violent or threatening behavior.

30. Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants searched plaintiff.

31. The search yielded no evidence of any guns, drugs, or contraband.

32. Plaintiff was detained at the scene of the arrest and he was eventually issued two summonses falsely accusing him of trespassing and disorderly conduct.

33. These summonses were issued based on false allegations provided by the defendants, including defendant Morales, who issued the tickets.

34. Plaintiff was forced to make several court appearances pursuant to these false allegations before the charges against him in connection with both summonses were dismissed.

35. The factual allegations sworn to by the defendants, including defendant Morales, in support of the summonses against plaintiff were materially false and deliberately made to justify the illegal arrest and assault by defendants against plaintiff.

36. At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

37. The decision to arrest plaintiff was objectively unreasonable under the circumstances.

38. At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

39. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore alleged misconduct engaged in against plaintiff.

40. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

41. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's and HRA's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

42. Plaintiff repeats each of the foregoing paragraphs as though stated fully herein.

43. At no time did defendants have any legal basis for arresting, imprisoning or prosecuting plaintiff, commencing criminal process, or using physical force against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

44. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

45. Defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

46. By so doing, the individual defendants, individually and collectively, subjected plaintiff to excessive force, false arrest and imprisonment, malicious prosecution, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

47. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

48. Plaintiff repeats the allegations contained in the foregoing paragraphs as though stated fully herein.

49. As a result of the failure to properly recruit, screen, train, supervise and discipline its police officers, including defendant officers, defendant City of New York has tacitly authorized, ratified, and been deliberately indifferent to, the acts and conduct complained of herein.

50. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and City of New York officials pursuant to customs, policies, usages, practices, procedures and rules of the City and City of New York, all under the supervision of ranking officers of the City of New York.

50. The City of New York has not only tolerated, but actively fostered a lawless atmosphere but was deliberately indifferent to the risk that the inadequate level of

supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

51.     By reason thereof, defendant City of New York has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

### THIRD CAUSE OF ACTION

52.     Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

53.     Plaintiff was subjected to assault, battery, false arrest, excessive force, malicious prosecution, denial of due process and fair trial, through the defendants' use of fabricated evidence and the making of false statements.

54.     At no time did defendants have any legal basis for arresting plaintiff, subjecting him to excessive force, or commencing criminal process against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

55.     The defendants are therefore liable under New York law to plaintiff for assault, battery, false arrest, excessive force, malicious prosecution, denial of due process and fair trial.

56.     By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

57.     Defendant City of New York is liable for the actions of the individual defendants under the doctrine of *respondeat superior*.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i. On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

ii. On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

iii. On the Second Cause of Action, damages in a substantial sum of money against City of New York in an amount to be determined at trial;

iv. On the Third Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

v. On the Third Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

vi. On the Third Cause of Action, damages in a substantial sum of money against City of New York in an amount to be determined at trial;

vii. Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

      viii.    such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       February 26, 2015

                                   By:      /s/
                                         Jessica Massimi (JM-2920)
                                         Reibman & Weiner
                                         Attorneys for Plaintiff
                                         26 Court Street, Suite 1808
                                         Brooklyn, New York 11242
                                         718-522-1743